# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| GINA FOSTER, § § Plaintiff, § § v. § § EXPERIAN INFORMATION § SOLUTIONS, INC., and § NATIONSTAR MORTGAGE, LLC, § Defendants. § | Civil Action No. 3:21-cv-1419  With Jury Demand Endorsed |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Gina Foster ("Plaintiff"), by and through counsel, for her Complaint against Defendants, Experian Information Solutions, Inc., and Nationstar Mortgage, LLC, jointly, severally, and in solido, states as follows:

## I. INTRODUCTION

1. Defendant, Experian Information Solutions, Inc., is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f), and Defendant, Nationstar Mortgage, LLC, is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2. Plaintiff, Gina Foster, is a natural person residing in Houston, Harris County, Texas. She is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c) and a victim of repeated false credit reporting.

Made Defendants herein are:

3. Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants,", does business in this judicial district and is an Ohio corporation with its principal place of business in California. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

4. Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Texas corporation with its principal place of business in Texas located at 8950 Cypress Waters Blvd, Coppell, TX 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports")

to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, Innovis, and TransUnion.

### III. JURISDICTION AND VENUE

6. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331; 15 U.S.C. § 1681(p). Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

7. Venue is proper in this District, because the CRA Defendant and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

8. Venue is further proper in this District, because the CRA Defendant entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from the CRA Defendant as part of its reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiff's mortgage from this judicial district including communicating

amounts owed and conducting numerous communications via phone and letter.

9. Venue is further proper in this District, because Plaintiff resides in this District.

## IV. FACTUAL ALLEGATIONS

10. In October 2015, Plaintiff secured a mortgage for her home at 3912 Kilkenny Drive, Houston, Texas 77047.

11. In December 2018, the mortgage was sold to, transferred to, purchased by, or otherwise acquired by Nationstar (hereinafter the "Nationstar Mortgage" account).

12. In April 2020, Plaintiff filed for Chapter 7 bankruptcy.

13. In August 2020, Plaintiff's Chapter 7 Bankruptcy was discharged. Plaintiff continued to make regular monthly payments to the account since that time.

14. A copy of Plaintiff's payment history as of January 2019 is attached hereto as Exhibit "A".

15. In January 2021, Plaintiff requested and received a copy of a tri-merge credit report assembled, evaluated, and disbursed by SmartCredit that incorporated consumer files for Equifax, Experian, and Trans Union, and noticed that her Nationstar mortgage account was reporting inaccurately on her Experian consumer report.

16. A copy of Plaintiff's Tri-merge credit report is attached hereto as Exhibit "B".

17. Plaintiff noticed that within the Experian credit report section, her Nationstar mortgage was reporting 30 days late for May 2019 and August 2019. In addition, Plaintiff's Nationstar mortgage account was reporting as a collections/charge-off account when it was still an open account.

18. On or about February 24, 2021, Plaintiff disputed the reporting of the Nationstar mortgage account with Experian directly.

19. A copy of Plaintiff's unsigned dispute letter to Experian is attached hereto as Exhibit "C".

20. In the dispute letter, Plaintiff included proof of her mortgage payments and requested that under the FCRA, that Experian conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit report concerning the Nationstar mortgage account. The dispute letter was sent by certified mail.

21. A copy of the certified mail receipt for Plaintiff's dispute letter to Experian is attached hereto as Exhibit "D".

22. Experian responded to Plaintiff's dispute on or about March 25, 2021.

23. A copy of Experian's response letter dated March 25, 2021 is attached hereto as Exhibit "E" and incorporated herein by reference.

24. In its response letter to Plaintiff ("Experian's Response Letter"), Experian updated the Nationstar account by removing the collections/charge-off status. However, Experian made no changes to the late payment inaccuracies.

25. The late payments reporting on Plaintiff's Nationstar Mortgage account tradeline were inaccurate as Plaintiff had successfully paid her mortgage in these months on time. The payment history in May and August of 2019 and all months prior should have been reporting a current pay history. Experian chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar mortgage account.

26. Upon the Plaintiff's request to Experian for verification and addition regarding the Nationstar mortgage account, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence. Further, Experian did not make any attempts to substantially or reasonably verify the Nationstar reporting lines.

27. In the alternative to the allegation that Experian failed to contact Nationstar, it is alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to change or correct any of the information, and instead, Nationstar reaffirmed and continued to furnish to Experian incorrect, misleading, and damaging information about Plaintiff's mortgage account. Therefore, Nationstar failed to conduct a lawful investigation.

28. After Experian notified Nationstar of the disputed tradeline concerning the Nationstar Mortgage account, and in the alternative to the allegation that Nationstar failed to conduct a lawful investigation, it is alleged that Nationstar never responded to Experian.

## V.  GROUNDS FOR RELIEF

### COUNT I – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

29. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

30. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

31. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

32. Plaintiff provided his mortgage payments to Experian and furnished Experian the necessary documentation supporting Plaintiff's tradeline, yet Experian continued to prepare a patently false consumer report concerning Plaintiff.

33. Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third party, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

34. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

35. Experian's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

36. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

### COUNT II – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

37. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

38. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to Nationstar, Inc., failing to maintain reasonable procedures with which to filter and verify disputed information

in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

39. As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

40. Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

41. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT III – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

42. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigation upon receiving notice of Plaintiff's dispute from a consumer reporting agency, and/or failing to appropriately report the results of their investigation, and/or failing to appropriately modify, delete, and/or block the information.

43. Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with Experian without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to Experian, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently

and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

44. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

45. Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## VI.     VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

46. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII.    DAMAGES

47. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

48. Plaintiff respectfully requests that this Honorable Court award Plaintiff her litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

49. The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

50. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

51. Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

52. Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

53. Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PREMESIS CONSIDERED, Plaintiff, Gina Foster, prays that this Honorable Court:

A. Enter Judgment in favor of Plaintiff and against Defendants Experian Information

Solutions, Inc. and Nationstar Mortgage, LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

      B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

      C.    Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

      D.    Order that the CRA Defendant, Experian Information Solutions, Inc. and Furnisher Defendant, Nationstar Mortgage, LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

      E.    Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

Date Filed: June 17, 2021　　　　　　　　　　Respectfully submitted,

                                             */s/ Blake R. Bauer*
                                             Blake R. Bauer
                                             MN State Bar Number 0396262
                                             FCRA-TX@fieldslaw.com
                                             **FIELDS LAW FIRM**
                                             9999 Wayzata Blvd.
                                             Minnetonka, Minnesota 55305
                                             (612) 383-1868 (telephone)
                                             (612) 370-4256 (fax)

                                             *Counsel for Plaintiff Gina Foster*

        **LAW OFFICE OF JONATHAN A. HEEPS**

   /s/ *Jonathan A. Heeps*                           .
   Jonathan A. Heeps
   State Bar No. 24074387
   LAW OFFICE OF JONATHAN A. HEEPS
   Post Office Box 174372
   Arlington, Texas 76003
   Telephone (682) 738-6415
   Fax (844) 738-6416
   jaheeps@heepslaw.com

*Local Counsel for Plaintiff Gina Foster*


***COLLECTIVELY COUNSEL FOR PLAINTIFF GINA FOSTER***

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| June 17, 2021 | */s/ Blake R. Bauer* |
| Date | Blake R. Bauer |